IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HEALTHY GULF et al.,

                Plaintiffs,

      v.

DOUGLAS BURGUM, Secretary of the
Interior, et al.,

                Defendants.

Civil Action No. 1:26-cv-01118-RC

**AMERICAN PETROLEUM INSTITUTE'S [PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Intervenor-Defendant American Petroleum Institute ("API") answers Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows in paragraphs numbered to correspond to the paragraph numbers in the Complaint.

**INTRODUCTION**

1.      The allegations in this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves.[1] To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

2.      The allegations in the first and second sentence of this paragraph state Plaintiffs' characterizations of executive actions and legal conclusions, which require no response as the applicable executive actions and laws speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions and laws, API denies them. The allegations

---

[1] The allegations in footnote 1 state Plaintiffs' characterization of law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable law, API denies them.

in the third sentence of this vague and conclusory, and are therefore denied.[2] The allegations in the fourth sentence of this paragraph are denied.

3.      The allegations in the first, second, and third sentences of this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them. The allegations in the fourth sentence of this paragraph are denied.

4.      The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

5.      The allegations in the first, second, and third sentences of this paragraph appear to be Plaintiffs' characterizations of an uncited Department of the Interior report, which require no response as the applicable report speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable report, API denies them. The allegations in the fourth sentence of this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them. The allegations in the fifth sentence are overly broad, vague, and ambiguous, and are therefore denied.

6.      In response to the allegations in the first sentence of this paragraph, API admits that there are threatened or endangered species that live in the Gulf. Except as admitted, the

---

[2] The allegations in footnote 2 state Plaintiffs' characterization of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable executive actions, API denies them.

remaining allegations in this paragraph are overly broad, vague, and ambiguous, and are therefore denied.

7.      The allegations in the first sentence of this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied. In response to the remaining allegations in this paragraph, API admits that that the Deepwater Horizon exploded in 2010 and that the explosion killed 11 people and caused an oil spill. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

8.      The allegations in this paragraph state Plaintiffs' characterization of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

9.      The allegations in this paragraph state Plaintiffs' characterization of their requested relief and therefore do not require a response.

**JURISDICTION AND VENUE**

10.      In response to this paragraph, API states that the Court's jurisdiction is a matter of law which does not require a response, and further states that the cited federal laws speak for themselves.

11.      Denied. Venue for this action is exclusively vested in the Court of Appeals for the Fifth or Eleventh Circuits.  16 U.S.C. § 1536(n).

12.      In response to this paragraph, API states that the Court's authority to grant relief is a matter of law which does not require a response, and further states that the cited federal laws speak for themselves.

**PARTIES**

13.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Plaintiff Healthy Gulf and therefore denies the same.

14.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Plaintiff Sierra Club and therefore denies the same.

15.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Plaintiff Friends of the Earth and therefore denies the same.

16.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Plaintiff Turtle Island Restoration Network and therefore denies the same.

17.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Plaintiff Oceana, Inc. and therefore denies the same.

18.     The allegations contained in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

19.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

20.     API is without sufficient information to form a belief as to the allegations contained in the first and third sentences of this paragraph and therefore denies the same. The allegations contained in the second sentence of this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

21.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

22.     API admits that Doug Burgum is the Secretary of the Department of the Interior and is the chairman of the Endangered Species Committee. To the extent this paragraph purports to characterize the Secretary's legal responsibilities and actions, the relevant laws, regulations and actions speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

23.     API admits that Pete Hegseth is Secretary of the U.S. Department of Defense and made the finding at issue in this case that an exemption from the requirements of section 7(a)(2) of the ESA was necessary for reasons of national security. To the extent this paragraph purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

24.     API admits that Brooke Rollins is the Secretary of the U.S. Department of Agriculture and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

25.     API admits that Daniel P. Driscoll is the Secretary of the Department of the Army and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

26.     API admits that Pierre Yared is Acting Chair of the Council of Economic Advisers and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Acting Chair's legal responsibilities, the relevant laws and

regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

27. API admits that Lee Zeldin is Administrator of the U.S. Environmental Protection Agency and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Administrator's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

28. API admits that Neil Jacobs is Administrator of the National Oceanic and Atmospheric Administration and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Administrator's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

## STATUTORY BACKGROUND

I.    ENDANGERED SPECIES ACT OVERVIEW

29. The allegations in this paragraph state Plaintiffs' characterizations of the law and caselaw, which require no response as the applicable law and caselaw speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and caselaw, API denies them.

30. The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

31.     The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

32.     The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

33.     The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

34.     The allegations in this paragraph state Plaintiffs' characterizations of federal regulations, which require no response as the applicable federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable federal regulations, API denies them.

35.     The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

36.     The allegations in this paragraph state Plaintiffs' characterizations of federal regulations, which require no response as the applicable federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable federal regulations, API denies them.

37. The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

38. The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

39. The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

40. The allegations in the first and second sentences of this paragraph state Plaintiffs' characterization of past section 7 ESA consultations, which require no response as past section 7 ESA consultations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with past section 7 ESA consultations, API denies them. The allegations in the third sentence of this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

II.    THE ENDANGERED SPECIES COMMITTEE UNDER THE ESA AMENDMENTS

41. The allegations in this paragraph state Plaintiffs' characterizations of the law, caselaw, and legislative history, which require no response as the applicable law, caselaw, and legislative history speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law, caselaw, and legislative history, API denies them.

42. The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations

speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

43.    The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

44.    The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

45.    The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

46.    The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

47.    The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

48.    The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

49. The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

50. The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

51. The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

52. The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

53. The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

54. The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

III.    OUTER CONTINENTAL SHELF LANDS ACT

55. The allegations in this paragraph state Plaintiffs' characterizations of the law and a presidential proclamation, which require no response as the applicable law and presidential

proclamation speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and presidential proclamation, API denies them.

56.     The allegations in this paragraph state Plaintiffs' characterizations of federal regulations, which require no response as the applicable federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable federal regulations, API denies them.

57.     The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

58.     The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

59.     The allegations in this paragraph state Plaintiffs' characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

60.     The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

61.     The allegations in this paragraph state Plaintiffs' characterizations of federal regulations, which require no response as the applicable federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable federal regulations, API denies them.

IV.    ADMINISTRATIVE PROCEDURE ACT

62.    The allegations in this paragraph state Plaintiffs' characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

63.    The allegations in this paragraph state Plaintiffs' characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

## STATEMENT OF FACTS

I.    THE GULF IS HOME TO THREATENED AND ENDANGERED WILDLIFE.

64.    In response to the allegations in this paragraph, API admits that the waters of the Gulf contain various marine species. The remaining allegations in this paragraph are vague and ambiguous, and are therefore denied.

65.    In response to the allegations in this paragraph, API admits that the Rice's whale, sperm whale, blue whale, sei whale, and North Atlantic right whale are federally listed endangered species and that the West Indian manatee is a federally listed threatened species. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

66.    In response to the allegations in this paragraph, API admits that the Kemp's ridley sea turtle, hawksbill sea turtle, and leatherback sea turtle are federally listed as endangered species. API further admits that the Northwest Atlantic Distinct Population Segment of the loggerhead seat turtle and the North Atlantic Distinct Population Segment and South Atlantic

Distinct Population Segment of the green sea turtle are federally listed as threatened species.[3] The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

67.     In response to the allegations in this paragraph, API admits that the oceanic whitetip shark, giant manta ray, Gulf sturgeon, and Nassau grouper are federally listed as threatened species, and that the smalltooth sawfish is federally listed as an endangered species. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

68.     In response to the allegations in this paragraph, API admits that the boulder star coral, lobed star coral, mountainous star coral, elkhorn coral, staghorn coral, rough cactus coral, pillar coral, and queen conch are federally listed as threatened. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

69.     In response to the allegations in this paragraph, API admits that Cape Sable seaside sparrow, Mississippi sandhill crane, whooping crane, and the black capped petrel are federally listed as endangered. API further admits that the piping plover, roseate tern, and rufa red knot are federally listed as threatened. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

70.     In response to the allegations in this paragraph, API admits that Alabama, Choctawhatchee, St. Andrew, and Perdido Key are federally listed as endangered. The remaining

---

[3] The allegations in footnote 3 state Plaintiffs' characterization of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable law and regulations, API denies them.

allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

71. The allegations in this paragraph state Plaintiffs' characterization of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable executive actions, API denies them.

II.     OIL AND GAS PRODUCTION IN THE GULF HARMS WILDLIFE, THE ECONOMY, AND COMMUNITIES.

72. API admits that oil and gas production occurs in the United States. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

73. The allegations in this paragraph state Plaintiffs' characterization of a federal agency's press release, which requires no response as the applicable press release speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable press release, API denies them.

74. API admits that many oil and gas activities are carried out in the Gulf. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

75. In response to the first sentence of this paragraph, API admits that oil production occurs in the Gulf. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

76. The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

-14-

77.     The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

78.     API admits that that the Deepwater Horizon exploded in 2010 and that the explosion killed 11 people and caused an oil spill. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

79.     The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

80.     The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

81.     The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

82.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

83.     The allegations in the first and second sentences of this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied. In response to the third sentence of this paragraph, API admits decommissioning of oil and gas infrastructure occurs in the Gulf. The remaining allegations in the third sentence of this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied. The allegations in the fourth sentence of this paragraph state Plaintiffs' characterization of a 2024 Government Accountability Office report, which requires no response as the applicable report speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable report, API denies them. API is without sufficient information to form a belief as to the allegations contained in the fifth sentence of this paragraph and therefore denies the same.

84.     The allegations in this paragraph state Plaintiffs' characterizations of caselaw, which require no response as the applicable caselaw speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable caselaw, API denies them.

III.     THE 2025 NMFS BIOLOGICAL OPINION

85.     The allegations in this paragraph state Plaintiff's characterizations of federal agency actions and the National Marine Fisheries Service's ("NMFS") 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable federal agency actions and NMFS's 2025 Biological Opinion, API denies them.

86.     The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiffs' allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

87.     The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiffs' allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

88.     The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiffs' allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

89.     The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks

for itself. To the extent Plaintiffs' allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

90.    The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiffs' allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

91.    The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiffs' allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

IV.    THE FWS BIOLOGICAL OPINION

92.    The allegations in this paragraph state Plaintiff's characterizations of federal agency actions and the Fish and Wildlife Service's ("FWS") 2025 Biological Opinion, which require no response as the applicable federal agency actions and FWS's 2025 Biological Opinion speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable federal agency actions and FWS's 2025 Biological Opinion, API denies them.

V.    THE COMMITTEE'S MARCH 31, 2026, MEETING AND SECRETARY HEGSETH'S MARCH 13, 2026, FINDING

93.    The allegations in this paragraph state Plaintiffs' characterizations of a Federal Register notice, which require no response as the applicable Federal Register notice speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable Federal Register notice, API denies them.

94.    The allegations in this paragraph state Plaintiffs' characterizations of a Federal Register notice and executive actions, which require no response as the applicable Federal

-17-

Register notice and executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable Federal Register notice and executive actions, API denies them.

95.     The allegations in this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

96.     The allegations in this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

97.     The allegations in this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

98.     The allegations in this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

99.     The allegations in this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

100.    The allegations in the first and third sentences of this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied. The allegations in the second sentence of this paragraph state Plaintiffs' characterization of a filing in a different lawsuit, which requires no response as the applicable filing speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable filing, API denies them.

101.    The allegations in this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

102.    The allegations in this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

103.    The allegations in this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

104.    The allegations in this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**Defendants Burgum's, Rollins', Driscoll's, Yared's, Zeldin's, and Jacobs' Decisions to Grant an Exemption for Offshore Oil and Gas Activities in the Gulf are Contrary to Law and *Ultra Vires* or in Excess of Authority, in Violation of the ESA and APA.**

105.    API admits and denies the allegations of this paragraph as stated above.

106.    The allegations in this paragraph state Plaintiffs' characterizations of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

107.    The allegations in this paragraph state Plaintiffs' characterizations of the caselaw, which requires no response as the applicable caselaw speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable caselaw, API denies them.

108.    The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

109.    The allegations in this paragraph state Plaintiffs' legal conclusion, which requires no response.

110.    The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

111.    The allegations in this paragraph state Plaintiffs' characterizations of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

112. The allegations in this paragraph state Plaintiffs' characterizations of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

113. The allegations in this paragraph state Plaintiffs' legal conclusion, which requires no response.

114. The allegations in this paragraph state Plaintiffs' characterizations of the law and executive actions, which require no response as the applicable law and executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and executive actions, API denies them.

115. The allegations in the first sentence of this paragraph state Plaintiffs' characterizations of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them. The allegations in the second sentence of this paragraph state Plaintiffs' executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them.

116. Denied.

117. Denied.

## SECOND CAUSE OF ACTION

**The Secretary of Defense's Finding that an Exemption is Necessary for National Security is Arbitrary and Capricious and Contrary to the ESA, in Violation of the APA and ESA**

118. API admits and denies the allegations of this paragraph as stated above.

119. The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations

speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

120.    The allegations in this paragraph state Plaintiffs' characterizations of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

121.    The allegations in this paragraph state Plaintiffs' characterizations of the law and caselaw, which require no response as the applicable law and caselaw speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and caselaw, API denies them.

122.    The allegations in this paragraph state Plaintiffs' characterizations of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable law, API denies them.

123.    The allegations in this paragraph state Plaintiffs' characterizations of caselaw, which requires no response as the applicable caselaw speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable caselaw, API denies them.

124.    The allegations in this paragraph state Plaintiffs' characterizations of caselaw, which requires no response as the applicable caselaw speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable caselaw, API denies them.

125.    The allegations in the first sentence of this paragraph state Plaintiffs' characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable executive actions, API denies them. The allegations in the second, third, and fourth sentences of this paragraph state Plaintiffs' legal conclusion, which requires no response.

126.    The allegations in this paragraph state Plaintiffs' legal conclusion, which requires no response.

127.    Denied.

### THIRD CAUSE OF ACTION

**Defendant Burgum's Actions as Chair of the Committee are Contrary to Law and *Ultra Vires* or in Excess of Authority, in Violation of the ESA and APA.**

128.    API admits and denies the allegations of this paragraph as stated above.

129.    The allegations in this paragraph state Plaintiffs' characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable law and federal regulations, API denies them.

130.    The allegations in this paragraph state Plaintiffs' legal conclusion, which requires no response.

131.    The allegations in this paragraph state Plaintiffs' legal conclusion, which requires no response.

132.    Denied.

### REQUEST FOR RELIEF

API denies that Plaintiffs are entitled to any of the relief requested in the Complaint, including, but not limited to, the relief prayed for in paragraphs 1 through 7 of the Request for Relief.

### AMERICAN PETROLEUM INSTITUTE'S AFFIRMATIVE DEFENSES

API asserts the following affirmative defenses:

1.    Plaintiffs have failed to state a claim for which relief may be granted.

2.    Plaintiffs lack standing to bring their claims.

3.      This Court lacks jurisdiction over some or all of Plaintiffs' claims.

4.      Venue is not proper in this Court and the Court lacks jurisdiction to review these claims under 16 U.S.C. § 1536(n).

5.      API reserves the right to amend or supplement these affirmative defenses as appropriate.

WHEREFORE, API, having fully answered the allegations contained in Plaintiffs' Complaint, respectfully requests that this Court enter a judgment dismissing the Complaint with prejudice, and awarding such other and further relief as may be just and warranted.

DATED:  June 1, 2026.                         STOEL RIVES LLP


                                              /s/ Jason T. Morgan
                                              RYAN P. STEEN, Bar No. 1615260
                                              ryan.steen@stoel.com
                                              JASON T. MORGAN, Bar No. 1615129
                                              jason.morgan@stoel.com
                                              Stoel Rives LLP
                                              600 University Street, Suite 3600
                                              Seattle, WA  98101
                                              Telephone:  206.624.0900
                                              Facsimile:  206.386.7500

                                              *Attorneys for Intervenor-Defendant American
                                              Petroleum Institute*

-24-